## Criswell and Wife *versus* Criswell, Executor of Roberts.

A husband borrowed from his wife money of which she had the care, belonging to her minor daughter. Within six years he recognised the debt to his wife, who continued to represent her daughter after she came of age, and he promised the wife to pay it. What was said to the wife is to be considered as said to the daughter, and should have been submitted to the jury on the question of the Statute of Limitations.

October 31st 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Indiana county :* No. 133, to October and November Term 1866.

This was an action of assumpsit, in which Samuel Criswell and Rachel his wife were plaintiffs, and Matthew Criswell, executor, &c., of Robert Roberts, deceased, was defendant. The writ issued May 28th 1863. The only defence was the Statute of Limitations.

Mrs. Criswell was the daughter of a Mr. Hilliard, who died prior to 1840, leaving a widow and this daughter, his only child. From his estate she was entitled to a small sum of money, which was received and managed by her mother, the widow. In 1839 the widow married Robert Roberts, the defendant's testator, and in 1840 he borrowed from his wife $120, the money of her daughter, then about ten years of age. Mr. Roberts gave no note or evidence in writing for the money.

About 1861, when paying a witness (Mary George) some money, Mr. and Mrs. Roberts being present, he said that he was trying to " save money to pay off Rachel the money he had borrowed from the old lady ; he said he never intended to keep her out of that money ; he said he would pay it as soon as he could ; he said if not paid till after his death there would be plenty of property left to pay it. He said he expected that it amounted then to $200. Mrs. Roberts said that the doctor had said he was liable to be found dead at any time ; he said if he did, and did not get it paid till after his death, there would be plenty of property to pay it off."

Another witness, who owed Roberts purchase-money for land, testified that in 1859 Roberts told him that he had borrowed money from his wife, which belonged to her daughter, the plaintiff, and " told me as soon as my purchase-money was due I should pay it over to her, * * he said it was to be paid on what he had borrowed of his wife on Rachel's money."

Another witness testified that shortly before his death, Roberts

[Criswell v. Criswell.]

paid his wife $5, and said at the same time that he was going to collect money due him for which he had a note; " he said the old lady refused to take the note, and wanted the money; when he came back he said he did not get any, but that he would pay her off as soon as he would get the money past him; nothing said what the money was for, only it was to go to the old lady."

Another witness testified: " I was there one day in 1861, and Mrs. Roberts was going up to her daughter Rachel Criswell's. Mr. Roberts gave Mrs. Roberts a note, a bank-note; can't tell how much. He told her he would give her the balance when he would get it. Mrs. Roberts then went to her daughter's."

There was no evidence that Roberts owed any debt to the plaintiff except the one in suit.

On motion of the defendant's counsel the court below (Buffington, P. J.) directed a nonsuit, which, on removal of the case to the Supreme Court, was assigned for error.

*H. W. Weir*, for plaintiffs in error.

*W. M. Stewart*, for defendant in error, cited Suter v. Sheeler, 10 Harris 308; Shitler v. Bremer, 11 Id. 413; Morgan v. Walton, 4 Barr 321; Huff v. Richardson, 7 Harris 389; Miller v. Emerson, 3 Casey 278.

The opinion of the court was delivered, November 7th 1867, by
READ, J.—The question is, should this case have been submitted to the jury? If the Statute of Limitations had not been interposed, there is no doubt the plaintiffs would have been entitled to recover the full amount of the claim, with interest. Is there, then, such a promise or acknowledgment as will take it out of the statute?

The decedent, in 1839, married Mary Hilliard, a widow, who had one child, a daughter named Rachel, then about nine years of age. Rachel inherited a small sum of money from her father; her mother, who was her guardian by nurture, received and managed it for her, loaned it out, and received it and then lent it to her husband to pay for some land he had purchased. The amount was about $120. This money up to near his death he recognised as being due, and which he or his executors must and ought to pay. All his transactions in relation to it were with his wife, and must have been so during the minority of her daughter, whom the mother continued to represent after she became of age and was married. All, therefore, that is testified to as said by the decedent to his wife, is to be considered as said to Rachel, her principal, and to whom the money when received was coming. The testimony, therefore, of Mary George as to the conversation between Mary Roberts and her husband is ample to take it out of

[Criswell *v.* Criswell.]

the statute. " She (Mrs. Roberts) told him that the doctor said he would die suddenly, and he ought to have it fixed ; said he never intended to keep her out of that money ; that he would pay it as soon as he could ; he said if he would never pay it till after he was gone, there would be plenty of property left to pay it."

There was but one debt, that due to Rachel, and in 1861, " Mrs. Roberts was going up to her daughter Rachel Criswell's. Mr. Roberts gave Mrs. Roberts a note, a bank-note ; can't tell how much. He told her he would give her the balance when he would get it. Mrs. Roberts then went to her daughter's." Another acknowledgment and payment on account of the debt, which no doubt was paid by the mother to the daughter. As, therefore, there was but one debt of ascertained amount, and the mother was always acting for the daughter, and there was direct evidence of a promise to pay, the court were in error in nonsuiting the plaintiff, instead of submitting the case to the jury.

Upon the evidence it is clear that this was a just debt which the decedent desired and believed would be paid by his executor.

Judgment reversed, and *venire de novo* awarded.